CHARLES W. TYLER *vs.* CHARLES D. GILMORE.

LAW. No. 23,534.

Decided March 24, 1884.
The CHIEF JUSTICE and Justices Cox and JAMES sitting.

1. Admissions drawn from the plaintiff when on the witness stand in his own behalf, if they go to the foundation of his case, are pertinent to the issue, no matter what the form of the pleadings may be.
2. T., who was tenant *pur autre vie*, leased to G.; pending the lease, *cestui que vie* dies; T. continues collecting the rent, receipting therefor as "agent for the heirs."

*Held*, That T. could not maintain an action in his own name for rent accruing after the death of *cestui que vie.*

THE CASE is stated in the opinion.

H. O. CLAUGHTON for plaintiff.

S. S. HENKLE and W. K. DUHAMEL for defendant.

Mr. Justice Cox delivered the opinion of the court.

This is an action against a tenant, on the covenants of a lease, to recover rent in arrears. The lease was dated October 20, 1876, and was between Charles W. Tyler, of Alexandria, Virginia, trustee for Elizabeth V. Tyler, the wife of Henry B. Tyler, of Fairfax, Virginia, and Charles D. Gilmore. The rent claimed is for the months of September, October, November and December, 1881.

The defendant, Gilmore, interposd two pleas: First, no breach of the covenant to pay rent; and, secondly, that, before the expiration of the term of the lease, viz., April 1, 1879, the lease was by mutual agreement, set aside, abrogated and annulled.

At the trial, there were various exceptions taken. We should have very little difficulty in sustaining all the rulings of the court below but for one question. As has been already stated, the lease was made by Charles W. Tyler, as trustee for his mother, and suit is brought by him in that character. But it appears in one of the bills of exceptions, that the plaintiff testified, upon cross-examination, that the estate which

he held at the time of making the lease, was for the life-time of his father, H. B. Tyler, and expired at his death, which occurred in 1879, and that all the rents collected subsequent to his death were collected by him as agent for the heirs. The rents sued for here were those which had accrued some two years after 1879, and the defendant makes the point that the plaintiff had proved himself out of court; that his title had expired, and that the title was in other parties at the time these alleged rents accrued. It is true, this evidence, brought out on cross-examination, was given against the objection of the counsel for the plaintiff. The record does not show exactly on what ground the objection rested, but we may presume the objection to have been two-fold: First, that the evidence was not pertinent to the issue made by the pleadings in the case; and secondly, that it was evidence as to matters of title and record, a question of law, indeed, which could only be made clear by the introduction of the title deeds.

As to the first, it is true that the defendant does not plead the expiration of the plaintiff's title, and it would not have been competent for him to offer this evidence under the pleadings actually filed. Perhaps, if any other witness than the plaintiff had been on the stand under cross-examination, it would not have been admissible. But when the plaintiff himself takes the stand to establish his own case, we hold that the law which makes him a competent witness has so revolutionized the rules of evidence, that anything he says on the stand is evidence in the case, no matter what the form of the pleadings may be, if it goes to the foundation of his case. If the plaintiff had produced his title deed showing that his estate endured only during the lifetime of his father who had died two or three years before, no court in the world, in the face of such evidence, could allow a verdict to be given for the plaintiff. And, if so, it seems to us that an admission of this sort, drawn from the plaintiff on cross-examination when on the stand in his own behalf, is pertinent to the issue, no matter what may be the form of the pleadings.

In this case, the testimony of the plaintiff may be susceptible of explanation. But, unexplained, it amounts to this, that the plaintiff's title expired months before the rent for which this suit was brought accrued, and this suit ought to have been brought in the name of those whom he calls *the heirs*, and not by himself.

It may be said, perhaps, that the evidence was objected to as parol evidence, and as involving an admission of law; that is to say, whether the plaintiff's title had expired or not. But the admission goes farther than that, and shows not only that his title had expired with his father's life, but that the rent was payable, and had been regularly paid, after his father's death, to parties other than himself, and that he received it as agent for those parties. The admission, we think, is clearly competent.

We have nothing before us but an unqualified admission, as it seems to us, that the plaintiff's title had expired, and therefore the defendant had a right to ask the court to instruct the jury to find for the defendant, and because of the refusal of the court to do so, a new trial must be granted.